UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA, | Case No. 12-CR-0245 (PJS) |
| Plaintiff, | |
| v. | ORDER REMANDING CASE |
| ERIC YZAGUIRRE, | |
| Defendant. | |

Jill Clark, JILL CLARK, LLC, for defendant.

Defendant Eric Yzaguirre has been charged in state court with various crimes under Minn. Stat. § 609.52, subd. 2(1).  *See* ECF No. 1 at 25.  Yzaguirre has filed a notice of removal of this state criminal prosecution pursuant to 28 U.S.C. § 1443.[1]

Under 28 U.S.C. § 1455(b)(4), the Court must promptly examine any notice of removal of a state criminal prosecution and summarily remand the case "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted . . . ."  Having examined Yzaguirre's notice of removal and attached exhibits, the Court determines that summary remand is required.[2]

---

[1] Yzaguirre also purports to remove this case pursuant to 28 U.S.C. §§ 1333 and 1334.  These provisions, which respectively provide for original jurisdiction in admiralty and maritime proceedings and in bankruptcy proceedings, do not apply to this case.

[2] The Court notes that in addition to being substantively improper, Yzaguirre's notice of removal is likely untimely.  A criminal case must be removed no later than 30 days after the arraignment in state court.  *See* 28 U.S.C. § 1455(b)(1).  The state-court docket does not appear to indicate when Yzaguirre was arraigned; however, he made his first appearance on January 4, 2012.  ECF No. 1 at 25.

Section 1443(1) permits removal of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." Removal jurisdiction under § 1443(1) is very narrow:

> [A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).
>
> Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case. Except in the unusual case where an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court, it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal.

*Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975) (multiple citations and quotations omitted).

Yzaguirre claims that his (or, in some cases, his attorney's) rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution — as well as his rights under 42 U.S.C. §§ 1983, 1985, and 1986 — are being violated by the criminal prosecution. Although the precise nature of all of the alleged violations is not clear, Yzaguirre

appears to be claiming that the state-court system unfairly treats prosecutors more favorably than criminal-defense attorneys, retaliates against attorneys who criticize judges, regularly issues unlawful warrants, fails to protect defendants' Fourth and Fifth Amendment rights, and has refused to accommodate his attorney's disability.

As the Supreme Court has made clear, however, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. The First, Fourth, Fifth, Sixth, and Fourteenth Amendments are "constitutional . . . provisions of general applicability," not constitutional provisions creating "specific civil rights stated in terms of racial equality." *Id*; *see also Georgia v. Rachel*, 384 U.S. 780, 792 (1966) ("[T]he defendants' broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under § 1443, because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands."). Likewise, the statutory provisions that Yzaguirre cites either provide for no substantive rights (§ 1983) or are not couched in terms of racial equality (§§ 1985, 1986). *See Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012) (§ 1983 is not itself a source of substantive rights); *Doe v. Berry*, 967 F.2d 1255, 1257 (8th Cir. 1992) (per curiam) (alleged violations of §§ 1983 and 1985 are not a proper basis for removal under § 1443). Hence Yzaguirre's claims that he is being denied rights under these provisions do not provide a basis for removal under § 1443(1).

Even if Yzaguirre had relied on a proper source of federal rights, it is plain that Yzaguirre has not met the second prong necessary for removal under § 1443(1). To meet the second prong,

Yzaguirre must show either "that there is a state law preventing him from raising his federal claims in state court" or that there is a "basis for an 'equally firm prediction' that he will be unable to protect his federal rights in state court." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997) (quoting *Johnson*, 421 U.S. at 219).

Yzaguirre has not identified any state law that would prevent him from asserting any racial-equality-based federal right in state court. At best, Yzaguirre has cited rules of professional conduct that might prevent his attorney, who is currently the subject of state disciplinary proceedings, *see* ECF No. 1 ¶ 2, from continuing to represent him. The possibility that Yzaguirre may have to find another attorney, however, does not prevent him from raising federal claims in state court.

Nor has Yzaguirre shown any basis for an "equally firm prediction" that he will be unable to protect his federal rights in state court. *See City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."). Like every other criminal defendant, Yzaguirre has the right not to be unlawfully convicted. The mere act of prosecuting him, however, does not mean that this right will inevitably be violated. *Id.* at 827 ("It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court.").

Yzaguirre's allegations do not justify removal under § 1443(1), and this case must be summarily remanded to state court. Because the notice of removal is facially invalid, no evidentiary hearing is required. *See McCullough v. Ligon*, 271 Fed. Appx. 547, 548 (8th Cir. 2008).[3]

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED that this case is REMANDED to the Minnesota District Court, Fourth Judicial District.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 16, 2012                    s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge

---

[3]The Court notes that Yzaguirre also purports to bring affirmative claims under various civil-rights statutes. But because this case originated as an improperly removed criminal case, Yzaguirre's attempt to add affirmative claims is a nullity. *Cf. Green Tree Servicing, LLC v. Thomas*, 367 Fed. Appx. 727, 728 (8th Cir. 2010) (per curiam) (district court lacks jurisdiction to make any substantive rulings in a case that was improperly removed).